# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **KRISTI POWELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-4067 |
| ) | |
| **KENTUCKY FRIED CHICKEN** ) | |
| **and ZANCANELLI MANAGEMENT** ) | |
| **COMPANY,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

Now before the Court is Defendant Zancanelli Management Company's ("Zancanelli")[1] Motion for Summary Judgment. For the reasons set forth below, Zancanelli's Motion for Summary Judgment [#6] is GRANTED.

## BACKGROUND AND PROCEDURAL HISTORY

On September 11, 2009, Plaintiff Kristi Powell ("Powell") filed her Complaint against Kentucky Fried Chicken and Zancanelli, alleging sexual harassment under Title VII, 42 U.S.C. § 2000e *et seq*. Powell attached her Equal Employment Opportunity Commission ("EEOC") Dismissal and Notice of Rights ("EEOC Notice") to her Complaint. The Notice of Rights was dated May 29, 2009, and explained that Powell had within 90 days of her receipt of the Notice to file suit in court. She also attached an envelope, marked Certified Mail, from the Chicago District Office of the EEOC, which allegedly contained her Dismissal and Notice of Rights. On

---

[1] Zancanelli operates the store where Plaintiff Powell worked, and uses the name "Kentucky Fried Chicken" and "KFC" as a franchisee. Zancanelli explains that if Powell intends some individual or entity other than Zancanelli as a Defendant, its pleading shall not apply to such other individual or entity. Powell has not actually served KFC Corporation.

the envelope, "6-2," 6-8," and "6-18" were handwritten.  "6-2" was underlined and "1ˢᵗ" was written beside it.

On October 16, 2009, Zancanelli filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), explaining that because Powell failed to timely file her Complaint within 90 days, the Court lacked subject matter jurisdiction to hear the case under 42 U.S.C. § 2000e-5.[2]  Because Powell's counsel's license to practice law was suspended for 60 days, counsel sought an extension of time to respond to Zancanelli's Motion to Dismiss until after the suspension ended.  Powell's motion for extension of time was granted, but then Powell again sought an extension of time, for two additional days until January 6, 2010, representing that her counsel had not yet received an affidavit in resistance to Defendants' Motion to Dismiss from Powell, and Powell was searching her papers in order to verify the date of receipt of the notification from the EEOC.  Zancanelli resisted the second Motion for Extension of Time, explaining that the 111 days between its original Motion to Dismiss and Powell's second Motion for Extension of Time was more than adequate time to locate the alleged documentation with which to verify the date of Powell's receipt of Notice from the EEOC.  Zancanelli additionally alleged that any investigation that was occurring as of January 5, 2010, suggested that no adequate investigation was conducted as to the timeliness of Powell's lawsuit at the time she filed.  The Court granted Powell's extension, but explained that no further extensions would be allowed.

---

[2] Zancanelli had filed a Motion for Sanctions contemporaneously with the filing of its Motion to Dismiss on October 16, 2009.  The Court found Zancanelli's Motion for Sanctions moot as a result of the Court considering its Motion to Dismiss a motion for summary judgment, and provided that Zancanelli could renew its Motion for Sanctions, if appropriate, once the Court ruled on its Motion for Summary Judgment.  *See* Dkt Entry 2/10/2010.

Following Powell's filing of her Response to Zancanelli's Motion to Dismiss, Zancanelli sought leave to file a Reply to Powell's Memorandum in Response, which the Court granted. Zancanelli attached the Affidavit of Stephen L. Orendorff ("Orendorff"), Postmaster of the United States Post Office in Milan, Illinois to its Reply.  After reviewing the original Motion to Dismiss, Powell's Response, and Zancanelli's Reply, the Court determined that the Motion to Dismiss required the consideration of extraneous documents included by the parties,[3] and so pursuant to Federal Rule of Civil Procedure 12(d), the motion would be treated as one for summary judgment under Rule 56.[4]  Powell again had difficulties in timely filing her Response to Zancanelli's Memorandum of Law in Support of its Motion for Summary Judgment, prompting the Court to caution her that failure to respond would be deemed an admission of Zancanelli's motion.  The matter is finally fully briefed.  This Order follows.

## DISCUSSION

Summary judgment should be granted where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may meet its burden of showing an absence of material facts by

---

[3] The extraneous documents included a letter from the United States Postal Service to Orendorff detailing the delivery information for Powell's EEOC Notice, a United States Postal Service Track/Confirm Intranet Item Inquiry, Orendorff's affidavit, and two different Declarations by Powell.

[4] As a result, the parties were directed to comply with Local Rule 7.1(D), setting forth the requirements for motions for summary judgment.  2/10/2010 Dtk Entry.

demonstrating "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the nonmoving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Federal Rule of Civil Procedure 56(e) requires the nonmoving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324. This Court must then determine whether there is a need for trial — whether, in other words, there are any genuine factual issues that can properly be resolved only by a finder of fact because they may be reasonably resolved in favor of either party. *Anderson*, 477 U.S. at 249; *Hedberg v. Indiana Bell Tel. Co., Inc.,* 47 F.3d 928, 931 (7th Cir. 1995). Finally, where a party bears the burden of proof on an issue, he or she must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact requiring trial. *Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035, 1041 (7th Cir. 1993).

42 U.S.C. § 2000e-5 confers subject matter jurisdiction on federal district courts to hear cases dismissed by the EEOC. A person claiming to be aggrieved shall be notified of the EEOC's dismissal of a charge. 42 U.S.C. § 2000e-5(f)(1). The person aggrieved may bring a civil action in the district court, and has ninety (90) days after receipt of the EEOC Notice within which to do so. *Id*. The 90-day limitation period begins to run on the date the EEOC notice is first received. *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984).

Zancanelli argues that dismissal of Powell's Title VII Complaint is warranted because

she failed to file it within the 90-day period.  The Complaint was filed on September 11, 2009.  Zancanelli contends that Powell received her EEOC Notice on June 8, 2009, so the 90 days expired on September 6, 2009.  Zancanelli notes that the actual due date for filing was September 8, 2009, as September 6th was a Sunday, and September 7, 2009, was Labor Day, a legal holiday.  Zancanelli supports its contention that Powell received her EEOC Notice on June 8, 2009, with delivery information provided by the United States Postal Service ("USPS").  Indeed, the USPS information shows that Certified Mail item number 7099 3400 0014 4053 4230[5] ("Powell's Certified Mail") was delivered on June 8, 2009, at 3:06 p.m. in Milan, IL 61264.  The USPS was also able to provide a scanned image of Powell's signature and the address she included when she signed for the envelope.

The USPS Track/Confirm Intranet Item Inquiry shows that notice of attempted delivery of Powell's Certified Mail was left on June 2, 2009, at 11:00 a.m., and her Certified Mail was delivered on June 8, 2009, at 15:06 in Milan, IL 61264.  The USPS Track & Confirm function on the USPS.com website provided that Powell's Certified Mail was delivered at 3:06 p.m. on June 8, 2009, in Milan, IL 61264.  Finally, in his affidavit, Orendorff stated that his inquiry into the delivery of Powell's Certified Mail showed that June 8, 2009, was the date of delivery.  He stated that the handwritten "6-2," "6-8," and "6-18" indicated to him that the next attempted delivery, after June 2nd, was to occur on June 8th, and June 18th was to be the return date to the sender if delivery was not achieved on or before June 18th.  Ultimately, Orendorff expressed the opinion that June 8, 2009, was indeed the date Powell's Certified Mail was delivered, not June

---

[5] This item number appears on the Certified Mail envelope Powell attached to her Complaint.

18, 2009.

Powell argues that she stated in her January 6, 2010, Declaration, her second, that she received the EEOC Notice on June 18, 2009, making her September 11, 2009, Complaint timely, as it was filed within 90 days of June 18, 2009.  To support her declaration, she highlights the fact that "6-18" was handwritten on her Certified Mail, and that she did not write anything on the envelope.  However, her Complaint merely stated that she received the EEOC Notice within 90 days of the filing of her complaint, and she attached the Certified Mail envelope as Exhibit A in support of that statement.  In her third Declaration, dated March 17, 2010, Powell stated that she received the EEOC Notice on June 18, 2009, that she recalled the date "6-18" was the date she received the envelope, that she told her attorney that she received the envelope on June 18, 2009, and that she relied on the "6-18" date that was written on the envelope in her statement to her attorney and in the Declaration.

Zancanelli cites cases discussing the mailbox rule and that the presumption of delivery, if established, succeeds unless contradicted by evidence that a document never arrived or was never received by the recipient.  *See Moore v. Blatt, Hasenmiller, Leibsker and Moore, LLC*, 2006 U.S. Dist. LEXIS 44339, at *12-13 (C.D. Ill. June 29, 2006) (citing *Godfrey v. United States*, 997 F.2d 335, 338 (7th Cir. 1993)).  Though Zancanelli's discussion of the mailbox rule is enlightening, the Court does not believe the rule is directly applicable to Powell's situation. Powell neither argues that her EEOC Notice never arrived, nor that she never received it. Instead, the parties dispute the specific date she received the Notice.  On the other hand, Zancanelli's emphasis on the presumption that officials have properly discharged their official duties is persuasive on the issue of whether the USPS records and Orendorff's affidavit are

worthy of belief. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996); *United States v. Chemical Found.*, 272 U.S. 1, 14-15 (1926) ("A presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.").

While Powell continues to assert that she received her EEOC Notice on June 18, 2009, making her September 11, 2009, Complaint timely filed, the USPS records clearly show that her Notice was actually delivered to her, and signed for by her, on June 8, 2009. The Certified Mail envelope does include "6-18," and Powell's Declarations state that she received it on June 18, 2009. But those instances in the record fail to create a genuine issue of material fact where the tracking search results list June 8, 2009, Orendorff explained the dates appearing on the envelope, and Powell's Declarations are inconsistent with one another. *See Chemsource, Inc. v. Hub Group, Inc.*, 106 F.3d 1358, 1361 (7th Cir. 1997) ("The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence.")

As discussed previously, Powell's Complaint and first Declaration did not include the specific date she received her EEOC Notice, her second Declaration stated June 18, 2009, as the date she received her Notice, and her third Declaration stated she "recall[ed]" 6-18 was the date she received the Notice and "relied" upon the "6-18" in her previous Declaration and statements to counsel. Fortunately, though Powell has wavered in declaring that 6-18 was the date she received the Notice, the USPS records are clear as to the date of receipt: June 8, 2009, at 3:06 p.m. Therefore, Powell's Complaint was filed three days late on September 11, 2009, and must be dismissed. *See Bant v. Bd. of Tr.*, 2006 U.S. Dist. LEXIS 85144, at *15 (C.D. Ill. Nov. 21,

2006) (explaining that courts strictly adhere to 90-day period and even a one-day delay is grounds for dismissal).

Equitable tolling may be applied to save an untimely filed Title VII action when circumstances warrant. *Jones*, 744 F.2d at 1314 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982)). Such equitable tolling is only available in situations where the claimant: 1) has made a good faith error, or 2) has been prevented in an extraordinary way from filing his complaint in time. *Id.* Here, Zancanelli argues that the circumstances do not warrant extending the time for Powell's compliance with 42 U.S.C. § 2000e-5(f)(1). Because Powell signed her first Declaration on September 4, 2009, Zancanelli argues that she clearly could have timely filed her Complaint if she had filed it that same day. Powell argues that she reasonably relied upon the "6-18" date on the envelope as the date of delivery, she consistently stated in her Declarations that the date of receipt was June 18, 2009, and she had reason to rely upon the date on the envelope, considering it was written by a postal employee while in the custody of the postal service.

The instant circumstances simply do not warrant the application of equitable tolling to save Powell's untimely Complaint. As Zancanelli aptly notes, Powell's first Declaration was signed September 4, 2009, suggesting that she was prepared to file her Complaint as of that date, and her equitable tolling argument is inconsistent with her January 6, 2010, statement that she received her EEOC Notice on June 18, 2009. Ultimately, Powell could have prevented this situation had she merely conducted a USPS.com tracking inquiry.[6] She cannot be surprised that

---

[6] The Court conducted its own tracking inquiry at USPS.com and the results provided that Powell received the EEOC Notice at 3:06 p.m. on June 8, 2009, in Milan, Illinois 61264.

Zancanelli disputes that she received her EEOC Notice on June 18, 2009, supporting its argument by reference to USPS records readily available to anyone with the relevant item number.  Also, Powell has provided further information regarding the date she received her EEOC Notice only when prompted to do so by Zancanelli's challenges.  These circumstances do not suggest good faith error, nor that Powell was prevented in some extraordinary way from timely filing her Complaint.  Instead, they suggest that proper inquiry into when Powell received her EEOC Notice was not originally made, and perhaps attorney neglect.  *See White v. City of Chicago*, 1996 U.S. Dist. LEXIS 16338, at *11 (N.D. Ill. Nov. 1, 1996) (equitable tolling not applicable where case was simply a matter of attorney neglect and law was clear that lack of diligence could not be excused by invocation of equitable principles).  Accordingly, Powell's Title VII Complaint is untimely, equitable tolling is not warranted, and Zancanelli's Motion for Summary Judgment is therefore granted.  The Court believes it is unfortunate that Powell's case will not be heard on the merits as a result of this ruling, but the application of the law to the facts of this case justify such a result.

## CONCLUSION

For the reasons set forth above, Zancanelli's Motion for Summary Judgment [#6]  is GRANTED.  Powell's Complaint [#1] is DISMISSED.

ENTERED this 26th day of April, 2010.

                                                                            s/Michael M. Mihm
                                                                            Michael M. Mihm
                                                                            United States District Judge